**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BORMIO INVESTMENTS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.: <u>3:15-cv-1888</u>** |
| **v.** | ) | |
| | ) | |
| **WELLS FARGO BANK, N.A..,** | ) | **Removed from the 101ST Judicial** |
| | ) | **District Court, Dallas County, Texas** |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## <u>NOTICE OF REMOVAL</u>

Defendant Wells Fargo Bank, N.A. successor by merger to Wells Fargo Bank Minnesota, National Association as trustee for First Franklin Mortgage Loan Trust 2002-FF4 Asset Backed Certificates, Series 2002-FF-4 ("Wells Fargo"),[1] pursuant to 28 U.S.C. §§ 1332 and 1446, hereby gives notice of the removal of this action to the United States District Court for the Northern District of Texas, Dallas Division.  As grounds for this removal, Wells Fargo states as follows:

## <u>I. Procedural Background</u>

1.      On or about May 3, 2015, Plaintiff Bormio Investments, Inc. ("Bormio") commenced an initial action by filing Original Petition ("Complaint") against Wells Fargo in the 101st Judicial District Court of Dallas County, Texas, Cause No. DC-15-5031.  Bormio seeks, *inter alia*, court declarations and other injunctive relief voiding Wells Fargo's lien interest and

---

[1] Plaintiff only named Wells Fargo Bank, N.A. in its original petition, but the correct name is Wells Fargo Bank, N.A. successor by merger to Wells Fargo Bank Minnesota, National Association as trustee for First Franklin Mortgage Loan Trust 2002-FF4 Asset Backed Certificates, Series 2002-FF-4.

foreclosure in the property located at 9126 Valley Chapel Lane, Dallas, Texas 75220 (the "Property").

2.      The 101st Judicial District Court of Dallas County is a state court within this district and division.

3.      In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1, this Notice of Removal is accompanied by copies of the following:

Exhibit A:      An index of documents being filed

Exhibit B:      A copy of the State Court Docket Sheet

Exhibit C:      All Pleadings and Process from the State Court, including:

Plaintiff's Original Petition, filed May 3, 2015

Exhibit D:      Certificate of Interested Persons and Rule 7.1 Disclosures

Exhibit E:      Declaration of Keith S. Anderson

Exhibit E-1:   Corrective Foreclosure Sale Deed

Exhibit E-2:   Data sheet from Dallas County Central Appraisal District website on May 21, 2015

4.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> ******
>
> [A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

5.      Wells Fargo has not been formally served with process.  Thus, this Notice of

Removal is certainly timely pursuant to 28 U.S.C. 1446(b) because it is filed within thirty (30)

days of the service of Bormio's Complaint, and because this action was commenced less than

one (1) year ago.  *See McZeal v. EMC Mortgage Corp.*, 2009 WL 1684639, at *1 (S.D. Tex.

June 16, 2009) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56

(1999)) (for removal purposes, "the 30-day period begins to run on the date a defendant receives

formal service of process")).

6.      This case is properly removable pursuant to 28 U.S.C. § 1441, which provides, in

pertinent part, as follows:

> (a)      Except as otherwise expressly provided by Act of
> Congress, any civil action brought in a State court of which the
> district courts of the United States have original jurisdiction, may
> be removed by the defendant or the defendants, to the district court
> of the United States for the district and division embracing the
> place where such action is pending.  For purposes of removal
> under this chapter, the citizenship of defendants sued under
> fictitious names shall be disregarded.

7.      As shown herein, this case is properly removable based on diversity jurisdiction.

## II. Diversity Jurisdiction

8.      This action is properly removable under 28 U.S.C. § 1332, as amended, which

provides, in pertinent part, as follows:

> (a)      The district courts shall have original jurisdiction of all
> civil actions where the matter in controversy exceeds the sum or
> value of $75,000, exclusive of interest and costs, and is between -
> -
>
> (1)      citizens of different States . . . .

Here, diversity jurisdiction is proper because the amount in controversy exceeds $75,000.00, and

complete diversity exists between Plaintiff Bormio and Defendant Wells Fargo.

**A.  The amount in controversy exceeds $75,000.00, exclusive of interests and costs.**

9.      The amount in controversy requirement is satisfied because Plaintiff seeks an amount more the jurisdictional amount in its Complaint and the value of the object of the litigation—the Property—exceeds the jurisdictional amount.  When removing based on diversity jurisdiction, 28 U.S.C. § 1446(c)(2) provides:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
> (i) nonmonetary relief;
>
> . . . and;
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

In the instant case, Bormio explicitly seeks more than $200,000.00 (Compl., ¶ 20).  By its contention for a sum certain the jurisdictional threshold is met. Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amounts controls.  *See De Aguilar v. Boeing Co*., 47 F.3d 1401, 1408 (5th Cir. 1995).  Further, Bormio seeks declaratory relief that the Deed of Trust and lien claimed by Defendant "is not valid and is null and void" (Compl. ¶¶ 19, 22(c)) which constitutes nonmonetary relief and this Notice of Removal may assert the amount in controversy.

10.     Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount of $75,000, removal is proper.  28 U.S.C. § 1446. *See also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998)

("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]").  A defendant can meet its burden if it is apparent from the face of the complaint that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000.  *Greenberg*, 134 F.3d at 1253.

11.     In the Fifth Circuit, "courts look to the value of the property involved rather than the damages that might be suffered, to determine the jurisdictional amount in suits for injunction . . . and in suits to remove a cloud from the title of realty."  *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961).  "When the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Nationstar Mortg., LLC v. Knox*, 251 Fed. Appx. 844, 2009 WL 2605356, at *3 (5th Cir. Aug. 25, 2009) (*citing Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547 (5th Circuit, 1961)); *Polinard v. Homecomings Financial Network, Inc.*, 2007 WL 1745314 *2 (W.D. Tex. June 14, 2007) (when right to property is questioned, "the value of the property controls the amount in controversy" (*citing Waller*)).  In actions seeking declaratory, injunctive or equitable relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Milligan v. Chase Home Fin., LLC*, 2009 WL 562219, at *3 (N.D. Miss. Mar. 4, 2009) (*citing Hunt v. Wash. State Apple Advers. Comm'n*, 432 U.S. 333, 347 (1977)).

12.     Specifically in regard to actions where a plaintiff is seeking declaratory relief to invalidate a lien or rescind the foreclosure of property, the amount in controversy is the value of the property.  *See Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013); Contreras v. SFMC, Inc., (N.D. Tex. Jan. 6, 2015) (removal proper where plaintiff sought a declaration that defendant had no interest in property and property value exceeded $75,000 based on tax assessor

5

documents); *Anderson v. Wells Fargo bank, N.A.*, 2013 WL 1196535, at *2 (E.D. Tex. Feb. 22, 2013) ("the value of the injunctive relief is the current appraised fair-market value of the property"); *Pizzini v. Bank of America, N.A.*, 2012 WL 1834052, at *2, n.1 (W.D. Tex. May 18, 2012) (stating that the amount in controversy was the "fair market value of the property in dispute"); *Kew v. Bank of America, N.A.*, 2012 WL 1414978, at *3 (S.D. Tex. April 23, 2012) (holding that the value of the property at issue was the amount in controversy where the plaintiff sought a permanent injunction preventing foreclosure); *Alsobrook v. GMAC Mortgage, LLC*, 2012 WL 1643220, at *2-3 (N.D. Tex. April 13, 2012) (holding that the value of the property is the amount in controversy where the plaintiff seeks a permanent injunction to prevent foreclosure); *Buttelman v. Wells Fargo Bank, NA*, 2011 WL 5155919, at *3-4 (W.D. Tex. Oct. 28, 2011) ("Here, Plaintiff is seeking to enjoin Defendant from foreclosing, selling, transferring, auctioning, or conducting the trustee's sale of the entire property. Plaintiff's entire property is the object of the litigation.").

13.     In the instant action, Bormio's allegations revolve around a Texas Home Equity loan made on the Property to borrowers Bruce Yamini and Donna Yamini.  (*See* Compl., ¶ 8). Bormio seeks, *inter alia*, a court declaration to completely invalidate Defendant's lien interest in the Property.  (Compl., ¶¶ 19, 22(c)).  Accordingly, in addition to the sum certain demand in Plaintiff's Complaint, further evidence of the amount in controversy is the value of the Property.

14.     The value of the Property exceeds $75,000.  The Property was sold at a foreclosure sale on May 5, 2015, for $266,638.00.  A true and correct copy of the Corrective Foreclosure Sale Deed dated May 14, 2015, for the May 5 foreclosure sale is attached hereto as Exhibit E-1.  Tax appraisals of the Property also indicate that its recently-appraised value exceeds $75,000: specifically, the Dallas Central Appraisal District's appraisal of the Property

estimated its value at $273,270.00.  A true and correct copy of the Dallas Central Appraisal District Appraisal for the Property is attached hereto as Exhibit E-2.

15.     Bormio's Complaint places the entire value of the Property at issue, by seeking to invalidate the foreclosure sale on the Property and Wells Fargo's previously-held lien interest in the Property.  Both the Foreclosure Sale Deed and the Dallas Central Appraisal District property evaluation establish that the value of the Property is sufficient to support jurisdiction, as value of the Property well exceeds $75,000.  *See Anderson*, 2013 WL 1196535, at *2 (relying on a tax appraisal to demonstrate amount in controversy for removal purposes); *DTND Sierra Investments LLC v. Bank of America, N.A.*, 2012 WL 1711653, at *2 (W.D. Tex. May 15, 2012) (relying on the public tax assessment records to establish the amount in controversy for removal purposes); *Hayward v. Chase Home Fin., LLC,* 2011 WL 2881298, at *4-5 (N.D. Tex. July 18, 2011) (relying on Dallas Central Appraisal District's appraised value of the subject property in support of the amount in controversy).  Accordingly, the value of Bormio's claims exceeds $75,000, exclusive of interest and costs, and thereby satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332.

**B.  Complete diversity exists between Bormio and Wells Fargo, N.A.**

16.     Plaintiff Bormio Investments, Inc. is a Texas corporation with its principal place of business in Texas.  (Compl., ¶ 2).  Accordingly, Bormio is a citizen of Texas for diversity purposes.

17.     Defendant Wells Fargo is the trustee of a trust.  When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, the citizenship of the trustee controls.  Wells Fargo, National Association is a national banking association with its main office located in South Dakota.  A national bank is deemed a "citizen" of the location of its main office or principal place of business. 28 U.S.C. § 1332(c); *Wachovia v. Schmidt*, 546 U.S. 303,

318 (2006).   Accordingly, Wells Fargo, N.A. is a citizen of South Dakota for purposes of diversity jurisdiction.

19.      Therefore, complete diversity of citizenship exists between Plaintiff Bormio, who is a citizen of Texas, and Defendant Wells Fargo, N.A., who is a citizen of South Dakota.

### III.  All Other Procedural Requirements for Removal Are Satisfied

20.      This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

21.      Wells Fargo, N.A. has not previously removed this action.

22.      Removal at the present time will not result in any prejudice to Bormio as the matter is in the initial pleading stage and no discovery has occurred.

23.      Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, whether pursuant to FED. R. CIV. P. 8(c), FED. R. CIV. P. 12(b), or otherwise, including, but not limited to, the defenses for failure to state a claim upon which relief can be granted.

24.      Wells Fargo herein reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

25.      A copy of this Notice of Removal is being filed with the Clerk of the District Court of Dallas County, Texas, as provided under 28 U.S.C. § 1446.  Wells Fargo is also giving prompt written notice to Bormio's counsel of the filing of this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED,** Wells Fargo respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and award Wells Fargo expenses, costs, and attorney fees.

DATED: June 1, 2015.

*/s/ Keith S. Anderson*

Keith S. Anderson (TX Bar No. 24075789)
BRADLEY ARANT BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@babc.com

Mark D. Cronenwett (TX Bar No. 00787303)
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

Attorneys for Wells Fargo Bank, N.A. successor by merger
to Wells Fargo Bank Minnesota, National Association as
trustee for First Franklin Mortgage Loan Trust 2002-FF4
Asset Backed Certificates, Series 2002-FF-4

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2015, I served a copy of the foregoing via United States Mail, certified postage prepaid and addressed to his regular mailing address, to the following:

Mark Swaim
222 W. Las Colinas Blvd., Ste. 1650
Irving, TX 75039

*/s/ Keith S. Anderson*
OF COUNSEL